# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDICIAL COUNCIL OF CALIFORNIA,<br>et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00113-LJO-SMS<br>APPEAL NO.<br><br>ORDER DENYING PLAINTIFF'S REQUEST<br>TO FILE APPEAL *IN FORMA PAUPERIS*<br><br>(Doc. 37) |

Plaintiff has requested waiver of the filing fee for a second interlocutory appeal in the above-captioned case. Because the appeal is not taken in good faith, Plaintiff's motion to file an appeal *in forma pauperis* must be denied.

**Procedural History**

On January 21, 2011, Plaintiff, by her attorney, Ralston L. Courtney, filed a 569-page complaint against 67 named defendants and 50 "John Doe" defendants alleging numerous causes of action and seeking multiple forms of relief. Courtney failed to sign the complaint, in violation of F.R.Civ.P. 11. Accordingly, on January 24, 2011, the District Court struck the complaint. The Court directed:

1

Should Plaintiff and Attorney Courtney elect to sign and re-file the complaint at a later date, they are directed to review carefully the representations that an attorney or unrepresented plaintiff make to the Court by signing a complaint (F.R.Civ.P. 11(b)) and the potential sanctions for misrepresentations to the Court (F.R.Civ.P. 11(c)).  Plaintiff and Attorney Courtney may also wish to review and carefully consider F.R.Civ.P. 8(a), which requires that a complaint include short and plain statements setting forth the grounds for the Court's jurisdiction and short and plain statements of the claim showing that the Plaintiff is entitled to relief.  "Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d)(1).

Doc. 5.

When Plaintiff had taken no action by March 4, 2011, the Magistrate Judge issued an Order to Show Cause Why the Case Should not Be Dismissed for Failure to Prosecute, with a return date of March 30, 2011.  On March 10, 2011, Plaintiff responded by re-filing the original complaint, ostensibly signed by Attorney Courtney; filing two motions to disqualify District Judges Anthony W. Ishii, Lawrence J. O'Neill, and Oliver W. Wanger, which requested monetary damages and multiple forms of equitable relief; and filing a motion for an order directing the Clerk of Court to issue summonses in the action.  On March 12, 2011, Plaintiff filed an order captioned as a motion for continuance of the order to show cause, the body of which again moved for an order requiring the Clerk of Court to issue summonses in this action.  The Magistrate Judge denied Plaintiff's motion for a continuance on March 14, 2011.

On March 25, 2011, Plaintiff filed a notice of interlocutory appeal (No. 11-15828).  Plaintiff also moved for a stay of the order to show cause pending the outcome of her appeal.  On March 28, 2011, the Magistrate Judge stayed the order to show cause pending resolution of the interlocutory appeal.

On May 27, 2011, the Court of Appeals dismissed Plaintiff's appeal for failure to respond to its order of April 25, 2011, which directed Plaintiff to perfect her appeal.  Accordingly, on

June 1, 2011, the Magistrate Judge lifted the stay on the pending District Court action and entered an order to show cause why the case should not be dismissed for failure to comply with the Federal Rules of Civil Procedure, returnable on July 29, 2011. On July 4, 2011, Plaintiff (1) moved twice for a more definite statement; (2) moved for an order directing the Clerk of Court to issue summonses and for monetary damages and injunctive relief; and (3) moved to disqualify all District Judges and Magistrate Judges of the District Court for the Eastern District of California. On July 21, 2011, Plaintiff moved for a preliminary injunction to stay the July 29, 2011 hearing on the order to show cause. On July 25, 2011, Plaintiff filed a second motion for interlocutory appeal, contending that the District Court erred in striking her unsigned complaint without notice or hearing. PThe appeal also alleges a conspiracy by the Eastern District Court of California to deny Plaintiff equal protection of the laws.

### Certification

Plaintiff's appeal having clearly been frivolously taken to delay the order to show cause intended to identify and resolve the Rule 8 and 11 violations in her complaint, this Court **HEREBY CERTIFIES** that Plaintiff's appeal is not taken in good faith.

IT IS SO ORDERED.

**Dated:  July 26, 2011**                              /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE