# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. 1:11-cv-00113-LJO-SMS |
| Plaintiff, | ORDER DENYING PLAINTIFF"S MOTION FOR RECONSIDERATION OF CERTAIN MAGISTRATE JUDGE'S ORDERS |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, et al., | |
| | (Doc. 48) |
| Defendants. | |

On January 24, 2011, this Court struck the complaint in this matter, which had been filed unsigned, and directed:

> Should Plaintiff and Attorney Courtney elect to sign and re-file the complaint at a later date, they are directed to review carefully the representations that an attorney or unrepresented plaintiff make to the Court by signing a complaint (F.R.Civ.P. 11(b)) and the potential sanctions for misrepresentations to the Court (F.R.Civ.P. 11(c)). Plaintiff and Courtney may also wish to review and carefully consider F.R.Civ.P. 8(a), which requires that a complaint include short and plain statements of the claim showing that Plaintiff is entitled to relief. "Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d)(1).

Doc. 5.

Despite this clear warning that the complaint failed to comply with the provisions of F.R.Civ.P. 8 and 11, on March 10, 2011, Plaintiff, purportedly by her attorney Ralston Courtney, filed the same overlong complaint.

The Court has repeatedly scheduled hearings at which it ordered Plaintiff to show cause why the complaint should not be dismissed for failure to comply with the Federal Rules of Civil Procedure. In lieu of appearing and defending her position, Plaintiff has twice filed interlocutory

1    appeals to the United States Circuit Court of Appeals for the Ninth Circuit.  In each case, the
2    Ninth Circuit has dismissed the appeals for lack of jurisdiction.
3           In an overlong and nearly incomprehensible motion, Plaintiff has now filed a motion for
4    reconsideration of the Magistrate Judge's orders of March 14 (Order Denying Plaintiff's Motion
5    for Continuance of Order to Show Cause Why Complaint Should Not Be Dismissed for Failure
6    to Prosecute) (Doc. 13); March 28 (Order Granting Plaintiff's Motion For Stay Pending Appeal)
7    (Doc. 26); July 26 (Order Granting Plaintiff's Motion For Stay Pending Appeal) (Doc. 39); and
8    October 20, 2011 (Order Lifting Stay Following Dismissal by United States Court of Appeals)
9    (Doc. 46) and (Order Denying Plaintiff's Motion for Preliminary Injunction as Moot) (Doc. 47).
10   Plaintiff's reason for focusing on these particular motions has no apparent purpose other than to
11   challenge the authority of the Court.  Two of the motions granted a stay requested by Plaintiff
12   herself; one lifted a stay when the appeal that formed the basis for the stay was dismissed.  Two
13   were "housekeeping motions": one addressing Plaintiff's failure to amend her complaint within a
14   reasonable period of time after the Court struck the original complaint, and one clearing motions
15   for preliminary injunctions that had become moot during the pendency of Plaintiff's second
16   interlocutory appeal in this matter.
17          The court has inherent power to control its docket and the disposition of its cases with
18   economy of time and effort for both the court and the parties.  *Landis v. North American Co.*, 299
19   U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506
20   U.S. 915 (1992).  Plaintiff and her attorney are hereby warned that this Court will not tolerate
21   continued disrespect for the Court's authority and disregard for the Federal Rules of Civil
22   Procedure.  This warning will serve as a predicate for sanctions.
23          Plaintiff's motion for reconsideration is HEREBY DENIED.
24
25
26   IT IS SO ORDERED.
27   **Dated:    October 21, 2011**              /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE
28