# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>        Plaintiff,<br><br>   v.<br><br>FRESNO COUNTY SUPERIOR COURT,<br>et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-00113-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR A MORE DEFINITE STATEMENT<br><br><br><br>(Docs. 32 and 35) |

On July 4, 2011, Plaintiff Janetta Sconiers filed two motions for more definite statement,[1] challenging this Court's authority to issue an order to show cause why Plaintiff's complaint should not be dismissed for failure to comply with the Federal Rules of Civil Procedure, specifically Rules 8 and 11 (Docs. 32 and 35). In these two fifty-page motions, Plaintiff challenged the Court's authority to issue an order to show cause on numerous grounds, many of which are based on Plaintiff's allegation that the Court failed to serve her with its order of January 24, 2011 (Doc. 5). Plaintiff's claim that she was not served lacks merit since, on January 24, 2011, the order was entered as Document 5 on the CM/ECF system. Electronic filing constituted service on Plaintiff, who is represented by an attorney in this action. *See* Local Rule 135.

After striking Plaintiff's 569-page complaint, which had not been signed by Plaintiff's attorney, the January 24, 2011 order provided, in pertinent part:

///

---

[1] Denominating the motion as a motion for more definite statement was inappropriate. A party appropriately brings a motion for a more definite statement when the opposing party's pleading is so vague or ambiguous that the opposing party cannot prepare its response. *See* F.R.Civ.P. 12(e).

1   Should Plaintiff and Attorney Courtney elect to sign and re-file the complaint at a later date, they are directed to review carefully the representations that an attorney or unrepresented plaintiff make to the Court by signing a complaint (F.R.Civ.P. 11(b)) and the potential sanctions for misrepresentations to the Court (F.R.Civ.P. 11(c)). Plaintiff and Attorney Courtney may also wish to review and carefully consider F.R.Civ.P. 8(a), which requires that a complaint include short and plain statements setting forth the grounds for the Court's jurisdiction and short and plain statements of the claim showing that the Plaintiff is entitled to relief. "Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d)(1).

The Court has authority to order an attorney or party to show cause why conduct specifically described in an order has not violated F.R.Civ.P. 11(b). F.R.Civ.P. 11(c)(3). The hearing on the order to show cause was Plaintiff's opportunity to be heard and constituted the due process of the law which Plaintiff claims has been denied to her.

Plaintiff's motions for a more definite statement are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    October 21, 2011**                         **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE