1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  JANETTA SCONIERS,                              CASE NO. 1:11-cv-00113-LJO-SMS

9                       Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING THAT COMPLAINT
10        v.                                     BE DISMISSED FOR FAILURE
                                                 TO COMPLY WITH COURT RULES
11  FRESNO COUNTY SUPERIOR COURT,
     et al.,
12
                        Defendants.              (Doc. 51)
13  _____/

14

15        On October 21, 2011, the Court entered an order, returnable on November 16, 2011,

16  requiring Plaintiff to show cause why the complaint in this matter should not be dismissed for

17  failure to comply with F.R.Civ.P. 8 and 11, and sanctions imposed.  Neither Plaintiff nor her

18  counsel having appeared, and having reviewed the record and applicable law, the undersigned

19  recommends that the complaint be dismissed.

20  **I.    Procedural and Factual Background**

21        On January 20, 2011, Plaintiff Janetta Sconiers, ostensibly by her attorney, Ralston

22  Courtney, filed a 569-page complaint alleging 128 causes of action against approximately 73

23  named defendants and 50 John Doe defendants.  She paid the filing fee.  In addition to its

24  excessive length and verbosity, the complaint appeared to name as defendants numerous

25  individuals absolutely exempt from federal court process and to raise numerous previously

26  adjudicated claims.  On January 24, 2011, this Court struck Plaintiff's complaint for the failure of

27  Plaintiff's counsel to sign the complaint, noting:

28            Should Plaintiff and Attorney Courtney elect to sign and re-file the complaint at a
              later date, they are directed to review carefully the representations that an attorney

-1-

or unrepresented plaintiff make to the Court by signing a complaint (F.R.Civ.P. 11(b)) and the potential sanctions for misrepresentations to the Court (F.R.Civ.P. 11(c)).  Plaintiff and Attorney Courtney may also wish to review and carefully consider F.R.Civ.P. 8(a), which requires that a complaint include short and plain statements setting forth the grounds for the Court's jurisdiction and short and plain statements of the claim showing that the Plaintiff is entitled to relief.  "Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d)(1).

Doc. 5.

On March 4, 2011, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute.  In response, on March 10, 2011, Plaintiff filed the same complaint, purportedly signed by counsel.  Plaintiff added a verification:

I, Janetta Sconiers, am the PLAINTIFF in this proceeding.  I have read the foregoing complaint and know its contents.  The facts stated herein are true and are within my personal knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on MARCH 7, 2011 at Fresno, California.

/s/ JANETTA SCONIERS
JANETTA SCONIERS, DECLARANT

On the same date, Plaintiff filed a motion to disqualify Hon. Lawrence J. O'Neill, Hon. Anthony W. Ishii, and Hon. Oliver W. Wanger from hearing the complaint.  Plaintiff charged the judges with defamation, failure to comply with their statutory duties, breach of fiduciary duty, and RICO violations, and demanded various damages and equitable relief; a motion to disqualify all judges of the Eastern District of California from hearing the complaints in which she charged the judges with defamation, failure to comply with their statutory duties, breach of fiduciary duty, and RICO violations, and demanded various damages and equitable relief; and a motion demanding the immediate issuance of summonses in this action.  On March 11, 2011, Plaintiff filed a motion to continue the order to show cause pending issuance of summonses.

On March 14, 2011, the Magistrate Judge denied Plaintiff's motion for a continuance and entered an order to show cause why the case should not be dismissed and sanctions imposed for failure to comply with Rules 8 and 11.  The order was returnable March 30, 2011.  On March 21, 2011, Plaintiff appealed the Court's order to the U.S. Court of Appeals for the Ninth Circuit and moved to stay the District Court's action pending the outcome of her appeal.  Plaintiff again

moved for a stay of March 22, 2011. On March 25, 2011, Plaintiff filed a notice of interlocutory appeal, motion to proceed *in forma pauperis*, and a motion to stay the District Court proceedings pending the outcome of her appeal.  On March 28, 2011, the Court stayed proceedings pending appeal.

On June 1, 2011, after the Ninth Circuit dismissed the appeal for Plaintiff's failure to respond to a court order, this Court again issued an order to show cause, returnable July 29, 2011. In response, on July 4, 2011, Plaintiff filed two "motions for more definite statement," a motion demanding issuance of summonses, and a motion to disqualify all district judges and magistrate judges in the Eastern District.  On July 21, 2011, Plaintiff moved for a preliminary injunction to stay the hearing of the order to show cause.  On July 25, 2011, Plaintiff again filed an interlocutory appeal to the Ninth Circuit and a motion to stay district court proceedings pending the outcome of her appeal.  On July 26, 2011, the Magistrate Judge entered an order staying district court proceedings.  On July 27, 2011, the District Judge entered an order denying Plaintiff's request to appeal *in forma pauperis*.  On October 17, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction.

On October 20, 2011, the Magistrate Judge lifted the stay and entered an order denying Plaintiff's motion for a preliminary injunction barring the July 29, 2011 hearing as moot.  The next day, Plaintiff filed "objections to the Magistrate Judge's findings and recommendations," which challenged the Magistrate Judge's orders of March 14 (Order Denying Plaintiff's Motion for Continuance of Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute) (Doc. 13); March 28 (Order Granting Plaintiff's Motion For Stay Pending Appeal) (Doc. 26); July 26 (Order Granting Plaintiff's Motion For Stay Pending Appeal) (Doc. 39); and October 20, 2011 (Order Lifting Stay Following Dismissal by United States Court of Appeals) (Doc. 46) and (Order Denying Plaintiff's Motion for Preliminary Injunction as Moot) (Doc. 47). In an October 21, 2011 order denying the motion, which he characterized as a motion for reconsideration, the District Judge observed that Plaintiff's reason for focusing on these particular motions had no apparent purpose other than to challenge the authority of the Court.  He noted that two of the motions granted a stay requested by Plaintiff herself; one lifted a stay when

the appeal that formed the basis for the stay was dismissed.  Two were "housekeeping motions": one addressing Plaintiff's failure to amend her complaint within a reasonable period of time after the Court struck the original complaint, and one clearing motions for preliminary injunctions that had become moot during the pendency of Plaintiff's second interlocutory appeal.

In her October 21, 2011 order denying Plaintiff's "motions for a more definite statement," the Magistrate Judge also recognized Plaintiff's compulsion to repeatedly defy the Court's authority, noting that the two inappropriately named motions challenged the Court's authority to require Plaintiff's pleadings to conform to Rules 8 and 11.  Also on October 21, 2011, the Magistrate Judge again entered an order to show cause, returnable November 16, 2011.

On October 27, 2011, Plaintiff twice filed a motion for reconsideration of her objections to the "magistrate judge's findings and recommendations that is disguised as an order dated October 21, 2011."[1]  The District Judge struck both motions on October 28, 2011, characterizing them as frivolous, abusing judicial process, lacking good faith, and intended to vex defendants and the Court.  The Judge warned Plaintiff that he would strike any additional filings made before the November 16, 2011 hearing on the order to show cause.  On October 31, 2011, Plaintiff again appealed to the Ninth Circuit and filed in this Court a motion creatively entitled "Motion Notice of Amended Docketing Statement."  The District Judge struck the motion notice on November 1, 2011.

On November 14, 2011, Plaintiff filed a notice in which she attempted to substitute herself as attorney in lieu of Courtney.  The Court recharacterized the motion as the appropriate motion to withdraw as attorney and scheduled a hearing date in January 2012.

On November 15, 2011, the Ninth Circuit denied Plaintiff's "motion for reconsideration," adding, "No further filings shall be accepted in this closed case."  Doc. 65.

Neither Plaintiff nor Courtney appeared at the hearing on the order to show cause convened on November 16, 2011.

---

[1]  Plaintiff's second filing indicates that is intended to be the "courtesy copy" of her motion for the District Judge.  Plaintiff apparently did not understand that the "courtesy paper copy," defined in Local R. 101, is a *paper* copy of any electronically filed document that exceeds twenty-five pages.  The rule provides that the litigant will physically deliver the courtesy paper copy to the Clerk's office for delivery to chambers.

## II.   Plaintiff's Prior Litigation

Plaintiff has filed civil rights claims in this court since at least 1989.[2]  *See Sconiers v. U.S. Postal Service* (1:89-cv-00796-OWW).  She has also frequently filed lawsuits in California state court.

On January 4, 2000, the Fresno County Superior Court declared Plaintiff a vexatious litigant in *Sconiers v. Fresno Unified School Dist.* (Fresno County Superior Court, No. 6433106*). See Administrative Office of the Courts, Vexatious Litigants List*, www.courts.ca.gov/12272.htm (November 1, 2011).  *See also Sconiers v. Fresno Unified School District*, 2002 WL 31723098 (Cal.App., 5th App. Dist., December 5, 2002) (No. F038261).  The vexatious litigant classification included a prefiling order.  *Sconiers v. McGlothin*, 2006 WL 2130118 at *5 (Cal.App., 5th Dist. August 1, 2006) (No.F047446).  Plaintiff continues to be classified as a vexatious litigant in California Courts.  *Vexatious Litigants List*.

Beginning in or about 2006, as Plaintiff exhausted the state appeals in *Fresno Unified School District* and *McGlothin*, the frequency and complexity of her federal civil rights claims increased.  Proceeding *pro se*, Plaintiff began repeatedly advancing the same claims against the same defendants.  The complaint at issue in this case incorporates defendants and claims previously set forth in seven prior federal cases.  Awareness of Plaintiff's prior litigation is essential to understanding the frivolity and malice embodied in the complaint that is the subject of these findings and recommendations.

### A.   The Probate Cases

#### 1.   *Sconiers v. Whitmore, et al.* (1:08-cv-01288-LJO-SMS) ("*Whitmore I*")

In *Whitmore I*, Plaintiff alleged constitutional violations in state probate court's administration of the contested distribution of the estate of Plaintiff's mother, Rosie Sconiers.  She also alleged claims pursuant to the Americans With Disabilities Act, the Rehabilitation Act, the Fair Housing Act, and numerous pendant state claims.

---

[2]  In her dealings with the Court, Plaintiff has used the names Janet Lee Sconiers, Janetta Sconiers, Janetta L. Sconiers, and J. Lee Sconiers.

1    On December 1, 2008, the Magistrate Judge filed findings and recommendations

2  recommending that certain claims be dismissed without right to amend, certain claims be

3  dismissed with right to amend, and certain claims be permitted to be restated in an amended

4  complaint.  Within the period for objections to the findings and recommendations, Plaintiff filed

5  objections, numerous other motions, and an amended complaint that did not comply with the

6  Magistrate Judge's recommendations.

7    On February 5, 2009, the District Judge adopted the findings and recommendations,

8  denied Plaintiff's motion to amend, and struck the amended complaint that Plaintiff filed during

9  the objections period.  His order provided that, within 30 days, Plaintiff could file an amended

10 complaint in accordance with the provisions of the findings and recommendations.  The order

11 reminded Plaintiff that, as a *pro se* litigant, her pleadings would remain subject to screening.

12   Instead of amending the complaint, Plaintiff appealed to the Ninth Circuit.  On March 19,

13 2009, in light of Plaintiff's failure to amend her complaint in accordance with the February 5,

14 2009 order, the Magistrate Judge filed findings and recommendations recommending that the

15 case be dismissed for failure to follow a court order.  Plaintiff filed objections and lodged another

16 amended complaint on April 14, 2009.

17   The District Judge adopted the findings and recommendations, dismissing the action

18 without leave to amend on April 16, 2009.  On April 17, 2009, he *sua sponte* filed an addendum

19 emphasizing the Court's interests in promoting judicial economy and in managing its docket.

20   Plaintiff again appealed to the Ninth Circuit on May 15, 2009.  The Ninth Circuit

21 summarily affirmed the District Court decision on January 21, 2010.

**2.      *Sconiers v. Whitmore, et al.* (1:09-cv-02168-OWW-SKO)**
**(*"Whitmore II"*)**

23   While the appeal of *Whitmore I* was still pending, Plaintiff filed a new complaint which

24 again alleged constitutional violations in state probate court's administration of the contested

25 distribution of her mother's estate.  For the first time, Plaintiff paid the filing fee, later arguing

26 that the Court erred in screening her complaint since she was not proceeding *in forma pauperis*.

27 On April 21, 2010, this Court dismissed the claims with prejudice for lack of jurisdiction.

1    Plaintiff appealed to the Ninth Circuit.  The Ninth Circuit dismissed the appeal after

2    Plaintiff failed to perfect it in accordance with Federal Rules of Appellate Procedure.

3    Noting that Plaintiff had appealed the state court decision to state appellate court, which

4    had remanded to the probate court, this Court again declined to interfere in an ongoing state court

5    proceeding, citing *Younger v. Harris*, 401 U.S. 37, 49-53 (1971)*.*  The Court noted that

6    settlement and distribution of decedents' estates are peculiarly matters of state law and that

7    Plaintiff's constitutional claims were more appropriately addressed in the context of the state

8    proceedings.  *See Harris v. Zion Savings Bank & Trust Co.*, 317 U.S. 447, 450 (1943); *United*

9    *States v. Security-First Nat'l Bank of Los Angeles*, 130 F. Supp. 521, 524 (S.D. Cal. 1955).

10   Finally, the Court again noted that appellate jurisdiction of state court judgments rests with the

11   U.S. Supreme Court, not the federal district court.

12   **3.       *Sconiers v. Smith, et al.* (1:10-cv-01130-AWI-SMS)**

13   For the third time, Plaintiff alleged constitutional violations in state probate court's

14   administration of the contested distribution of her mother's estate.  Plaintiff again paid the filing

15   fee, maintaining that the Court could not screen her complaint if she was not proceeding *in forma*

16   *pauperis*.  On August 23, 2010, this Court dismissed the claims with prejudice for lack of

17   jurisdiction.

18   Noting that Plaintiff had appealed the state court decision to state appellate court, which

19   had remanded to the probate court, this Court again declined to interfere in an ongoing state court

20   proceeding, citing *Younger*, 401 U.S. at 49-53*.*  The Court reiterated that settlement and

21   distribution of decedents' estates are peculiarly matters of state law and that Plaintiff's

22   constitutional claims were more appropriately addressed in the context of the state proceedings.

23   *See Harris*, 317 U.S. at 450; *Security-First Nat'l Bank of Los Angeles*, 130 F. Supp. at 524.

24   Finally, the Court noted that appellate jurisdiction of state court judgments rest with the U.S.

25   Supreme Court, not the federal district court.

26   ///

27   ///

28   ///

**B.     The Workers' Compensation Case:** *Sconiers v. Schwarzenegger, et al.* **(1:08-cv-01289-OWW-DLB)**

Plaintiff alleged "at least 24" claims arising from a workers' compensation action, including civil rights claims arising under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985, the Americans With Disabilities Act, the Rehabilitation Act, the California constitution, and state law.  Although the Magistrate Judge included a detailed discussion of each of Plaintiff's claims in his findings and recommendations, he recommended abstention under *Younger*.  On December 4, 2008, the District Judge adopted the findings and recommendations in full and dismissed the complaint without leave to amend.

**3.     The In-Home Care Cases**

**a.     *Sconiers v. California Dept. of Social Services, et al.* (1:06-cv-01260-AWI-LJO) ("*CDSS I*")**

Plaintiff filed a 236-page complaint alleging Section 1983 claims against various defendants in connection with a fraud investigation of Plaintiff.  In a screening order filed September 27, 2006, the Magistrate Judge dismissed Plaintiff's complaint with leave to amend, describing it as "legally frivolous."  On February 15, 2007, the District Judge dismissed the complaint without prejudice for the deficiencies within the original complaint and for failure to comply with a court order.

**b.     *Sconiers v. California Dept. of Social Services, et al.* (1:07-cv-00972-AWI-DLB) ("CDSS II")**

Plaintiff alleged numerous constitutional and statutory violations arising from the California Department of Social Services' upholding Fresno County's decision to discontinue in home support services to Plaintiff.  In findings and recommendations filed September 7, 2007, the Magistrate Judge addressed certain procedural anomalies and performed an initial screening of the complaint.  On February 19, 2008, the District Judge filed an order adopting the findings and recommendations, which dismissed a HIPAA claim and certain defendants.  Among the defendants dismissed without prejudice on February 19, 2008, the following are again named in the instant suit: Pao Vang, Jose Plasencia, Timoteo Gomez, Joyce Howell, Elizabeth Parker, Gregory Martin, and the California Department of Social Services.

Ultimately, on April 3, 2009, the Court dismissed the entire complaint with prejudice for Plaintiff's failure to obey court orders.  Of the defendants dismissed with prejudice, the following are again named in the instant complaint: Fresno County In-Home Supportive Services,[3] Julie Hornbeck, Nellie Go, Valley Family Medical Center, Fresno Community Hospital, and Sandra Shewry.

Plaintiff appealed to the Ninth Circuit, which dismissed for failure to respond to the court's order.

**4.      The Eviction Case:** *McGlothin, et al. v. Santos*, *et al.* **(1:08-cv-01290-LJO-GSA)**

In a "rambling and difficult to understand" complaint, Plaintiff, her daughter Tiyeondrea McGlothin, and McGlothin's three children[4] alleged 60 causes of action arising from McGlothin's eviction from low-income housing.  Apparently, Plaintiff's residing in the apartment was one of numerous lease violations cited as reasons for the eviction action.  On December 8, 2008, describing the complaint as "legally frivolous," the Magistrate Judge recommended that the complaint be dismissed without leave to amend.  He noted that, if the summary dispossess action was still pending in state court, *Younger* precluded jurisdiction, and if final judgment had been issued, jurisdiction was precluded by the *Rooker-Feldman* Doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  After an extensive discussion of McGlothin's and Plaintiff's claims, the Magistrate Judge opined that the complaint, considered in light of Plaintiff's litigation history, suggested that Plaintiff did not proceed in good faith but with malice and an intent to vex the administrative defendants who had ruled against her challenge to the eviction.

///

///

---

[3]  In *CDSS II*, the Magistrate Judge treated Fresno County In Home Services as a county agency.  The current complaint alleges that it is a state agency.  For purposes of this analysis, the Court follows Plaintiff's allegation and treats it as a state entity.

[4]  The Magistrate Judge determined that the three children were not properly named plaintiffs since McGlothlin was not an attorney and could not name herself as their *guardian ad litem*.

The District Judge adopted the recommendations on February 26, 2009, including the Magistrate Judge's recommended conclusion that the Court lacked jurisdiction over the defendants.  He added:

> Finally, the court has concerns regarding the veracity of the declaration of Ralston L. Courtney dated August 15, 2008 submitted by both Plaintiffs in support of their request for a temporary restraining order.  (Doc. 14)  While this document has not served as the basis of this Court's decision, Plaintiffs are advised that filing fraudulent or false documents with the court is a serious offense that can result in civil and/or criminal penalties.

Doc. 18 at 3.

## II.    Rule 8

**Claim for Relief.**  A pleading that states a claim for relief must contain:

1.    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2.    a short and plain statement of the claim showing the pleader is entitled to relied; and

3.    a demand for the relief sought, which may include relief in the alternative or different types of relief.

F.R.Civ.P. 8(a).

Because the complaint fails to comply with the requirements of Rule 8, this Court recommends that the complaint be dismissed.  Because the complaint restates claims finally resolved in Plaintiff's prior litigation, the Court recommends that the complaint be dismissed with prejudice.

### A.    Short and Plain Statement of Claim

Although the requirement of a short and plain statement of claim should be liberally construed in favor of the drafter, the Court must interpret the rule so that common sense and the ends of justice are not circumvented.  *See Powers v. Troy Mills, Inc.*, 303 F.Supp. 1377, 1379 (D. N.H. 1969).  Rule 8 is intended "to protect defendants from undefined charges, and to keep the federal courts free of frivolous suits."  *Howard v. Koch*, 575 F.Supp. 1299, 1304 (E.D. N.Y. 1982).  Excessive verbiage and irrelevant comments "are neither simple, concise or direct."  *Walter Reade's Theatres, Inc. v. Loew's Inc.*, 20 F.R.D. 579, 582 (S.D.N.Y. 1957).  Prolix and complex

diatribes do not constitute acceptable pleading.  *Id.*  Put another way, "[t]he purpose of Rule 8(a)(2) is to avoid verbose allegations; to notify the defendants of the claim upon which plaintiff seeks recovery; to assist and not deter the disposition of the litigation on its merits; to achieve brevity and clarity in pleading and to shape the issues for trial."  *Levine v. McDonald's Corp.*, 1979 WL 1648 at *1 (D. Ariz. June 12, 1979) (No. Civ. 77-601 Phx. WPC).  The *Levine* court noted:

> When attorneys admitted to practice in Federal courts prepare complaints, neither the Court or opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a melange.  It is the duty and responsibility, especially of experienced counsel, to state those essentials in short, plain, and non-redundant allegations.

*Levine*, 1979 WL 1648 at *2, *quoting Silver v. Queen's Hospital*, 53 F.R.D. 223, 226 (D. Hawaii 1971).

Plaintiff is well aware that over-long complaints offend this portion of Rule 8.  In *CDSS II*, the Court struck her third amended complaint (820 pages) for over-length and directed her to file an amended complaint no longer than 35 pages.

The 569-page, single-spaced complaint in this case embodies the unacceptable complex and prolix complaint that Rule 8 is intended to prevent.  The violation is especially egregious since the complaint is composed almost entirely of vindictive argument and legal conclusions.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

1    Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief

2  above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set

3  forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,

4  and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation*

5  *marks and citations omitted*).  *Twombly* and *Iqbal* "set a minimal standard which complaints must

6  meet in federal court."  *Allen v. Life Ins. Co. of N. Amer.*, 267 F.R.D. 407, 410 (N.D. Ga. 2009).

7  Despite its extraordinary length, this complaint does not meet that minimal standard.

8    Dismissal of a complaint is appropriate when it is overlong or indescipherable or both.  *See,*

9  *e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (observing

10  that district court should have dismissed 119-page complaint, less-than-coherent complaint);

11  *Gordon v. Green,* 602 F.2d 743, 744-45 (5th Cir. 1979) ("verbose, confusing, scandalous, and

12  repetitious pleadings" do not comply with Rule 8's requirement of "a short and plain statement"));

13  *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965) (affirming

14  dismissal of complaint that was verbose, confused, and redundant); *Carrigan v. California State*

15  *Legislature*, 263 F.2d 560, 564 (9th Cir.), *cert. denied*, 359 U.S. 980 (1959) (affirming dismissal of

16  186-page complaint filled with extraneous material); *Silver*, 53 F.R.D at 225-27 ( dismissing an

17  over-100-page complaint that was a "confusing and foggy mixture of evidentiary statements,

18  arguments and conclusory matter"); *Buckley v. Altheimer*, 2 F.R.D. 285, 286 (N.D. Ill. 1942)

19  (dismissing 260-page complaint composed of 237 paragraphs consisting primarily of run-on

20  sentences).  When a complaint is "argumentative, prolix, replete with redundancy, and largely

21  irrelevant," dismissal is appropriate even if some allegations would have been cognizable.

22  *McHenry v. Renne*, 84 F.3d 1172, 1175-78 (9th Cir. 1996).  Accordingly, the complaint properly is

23  dismissed solely for violating Rule 8.

24       **B.**    **Short and Plain Statement of Jurisdiction**

25            **1.**    **Previously Adjudicated Claims**

26    Although the complaint includes a five-page subdivision entitled "Jurisdiction and Venue,"

27  it ignores a fatal jurisdictional flaw: The Court previously held that it lacked jurisdiction over

28  *///*

nearly all of the defendants and claims advanced, and previously dismissed the same claims against the same defendants with prejudice.

In this complaint, Plaintiff raises the same probate-based claims against the same defendants despite the prior decisions holding that the court lacked jurisdiction in all three probate cases. Relevant defendants are M. Bruce Smith; Ronald M. George; William C. Vickrey; Donald S. Black; Hillary Chittick; Don Penner; W. Kent Hamlin; Deborah Kazanjian; Tamara Beard; James Ardaiz; Coleman & Horowitt, LLP; Darryl Horowitt; William Coleman; Bonnie Anderson; J. Stanley Teixera; Mario Santos; Steven R. Hrdlicka; Steven R. Hrdlicka & Assoc.; Clarence Whitmore, Jr.; Zachary Sconiers; Rita Sconiers Washington; Nathaniel Sconiers, Frankie Sconiers Freitas; Priscilla Sconiers Dorsey; Jack Sconiers, Jr.; Phyllis Sconiers Watt; Dolores Sconiers Washington; County of Fresno; Fresno County Sheriff's Department; Margaret Mimms; John Capriola; Robert Buenrostro; and Stephen Wilkins. Plaintiff's claims against these defendants having previously been dismissed *with prejudice*, she cannot renew those claims in this action.

Defendants in *Schwarzenegger* who are again named in the instant case are Richard Starkesan, Joseph M. Miller, Joy L. Krikorian, Ronnie G. Caplane, Merle C. Rabine, and James C. Cuneo. Similarly, because claims against the following defendants in the second in-home care case were previously dismissed with prejudice, they are inappropriately included in this complaint: Fresno County In-Home Supportive Services, Julie Hornbeck, Nellie Go, Valley Family Medical Center, Fresno Community Hospital, and Sandra Shewry. Further, regardless of defendant, all of the In-Home Care claims were dismissed with prejudice. Finally, in the eviction case, the Court held that it lacked jurisdiction over Plaintiff's claims against Mario Santos, Patricia Soto, Steven Hrdlicka, Law Firm of Steven Hrdlicka, Ronald George, Judicial Council of California, Fresno County Superior Court, Hillary Chittick, Tamara Beard, Susan Yepiz, William C. Vickery, Don Penner, and Donald S. Black, all of which Plaintiff attempts to revive in this complaint.

Despite the outcomes in the prior proceedings, the complaint attempts to justify jurisdiction, contending that, because litigation in state court has ended, *Younger* no longer applies. In challenging the state court's application of restrictions applicable to vexatious litigants, Plaintiff ignores her continuing classification as a vexatious litigant in the California courts. She also fails

1   to acknowledge that, under the *Rooker-Feldman* doctrine, state court decisions may not be

2   appealed to the district court.

3                    **2.      Absolute Immunity**

4          Absolute immunity has been granted to the President, judges, prosecutors, witnesses,

5   officials performing quasi-judicial functions, and legislators.  *Fry v. Melaragno*, 939 F.2d 832, 836

6   (9th Cir. 1991).  Section 1983 did not abrogate immunities that were well-established when § 1983

7   was enacted.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993).  Accordingly, the following

8   defendants are absolutely immune from suit: County of Fresno District Attorney, Elizabeth Egan,

9   M. Bruce Smith, Donald S. Black, Hillary Chittick, Don Penner, W. Kent Hamlin, Deborah

10  Kazanjian, Tamara Beard, James M. Petrucelli, James Ardiaz, Edward Sarkisian, Ronald M.

11  George, William C. Vickery, Ronald G. Overholt, Mary Roberts, Chad Finke, and Mark Snauffer.[5]

12         Because a clerk of court's duties are an integral part of the judicial process, they too have

13  absolute immunity.  *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *appeal*

14  *dismissed, cert. denied*, 486 U.S. 1040 (1988).  A district court may appropriately dismiss a § 1983

15  lawsuit against court clerks who allegedly failed to respond to a plaintiff's letters and failed to file

16  various motions and appeals.  *Essell v. Carter*, __ Fed.Appx. __, 2011 WL 4498844 (9th Cir.,

17  September 29, 2011) (No. 10-55819).  Accordingly, the following defendants are also immune

18  from suit: Janice Cohan, Susan Yepiz, Tiffany Langford, and Anita Morris.

19  **III.    Rule 11 (b)**

20         **Representations to the Court.**  By presenting to the court as pleading, written
           motion, or other paper–whether by signing, filing, submitting, or later advocating

21         it–an attorney or unrepresented party certifies that to the best of the person's
           knowledge, information, and belief, formed after a inquiry reasonable under the

22         circumstances:

23         1.      It is not being presented for any improper purpose, such as to harass, cause
                   unnecessary delay, or needlessly increase the cost of litigation;

24

25         2.      the claims, defenses, and other legal contentions are warranted by existing
                   law or by a nonfrivolous argument for extending, modifying, or reversing
                   existing law or for establishing new law;

26

27  ///

28
           ───────────────────────────
                   [5]  The complaint does not identify that Snauffer is a superior court judge.

                                          -14-

3.   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4.   the denials of factual contentions are warranted on the evidence of, if specifically so identified, are reasonably based on belief or a lack of information.

F.R.Civ.P. 11(b).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990). *See also Federal Rules of Civil Procedure*, 97 F.R.D. 165, 190 (1983). The Seventh Circuit has described pleadings subject to Rule 11 sanctions as "groundless or frivolous." *LaSalle Nat'l Bank of Chicago v. County of DuPage*, 10 F.3d 1333, 1339 (7th Cir. 1993). When a court examines a complaint to determine the propriety of sanctions under Rule 11, it must determine both (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before signing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

### A.   The Complaint is Legally and Factually Baseless

#### 1.   Improper Purpose

As outlined in the discussion of prior litigation above, this Court has repeatedly recognized Plaintiff's habit of maliciously initiating federal litigation to harass those who take actions against her, including judges and court personnel; state agencies, officials, employees, and administrative judges; individuals and entities that sought to enforce legitimate claims against her; and her own family members. As she does in this case, Plaintiff brings the same claims again and again, adding as defendants the judges and court personnel who fail to agree with her creative understanding of constitutional rights and federal law.

Although this Court provides a screening process to assist *pro se* litigants in framing cognizable claims when legitimate claims are apparent from their pleadings, Plaintiff has demonstrated no interest in conforming this complaint, or any prior complaint, to applicable legal standards. Her improper purpose is apparent in her refusal to conform her complaints to the requirements of the Federal Rules of Civil Procedure, to appear and defend her pleadings at

hearings on the Court's orders to show cause, and to follow the orders of this Court and the Ninth Circuit Court of Appeals.

In defining a vexatious litigant, California's law includes, among others, those attempting to relitigate a claim or an issue previously determined against him or her and in favor of the same defendant and those who engage in frivolous or delaying tactics during the course of litigation. *In re Natural Gas Anti-Trust Cases I, II, III & IV*, 137 Cal.App.4th 387, 396 (2006). These categories well describe Plaintiff's behavior before this Court. Plaintiff's malicious and vexatious purpose in this action violates F.R.Civ.P. 11(b)(1).

### 2.   Frivolous Legal Argument

This Court declines to examine in detail the more than 128 causes of action alleged in this complaint. This Court has well articulated both broadly applicable legal principles and specific claims in its examinations of Plaintiff's prior complaints against the same defendants. Not only are the legal claims set forth in the complaint frivolous, Plaintiff was unwilling to appear to show cause why the Court should not dismiss the complaint for failure to comply with the Federal Rules of Civil Procedure.

Plaintiff's legal claims stem from her belief that the Fresno County Superior Court conspired to declare her a vexatious litigant to preclude her exercise of her constitutional rights through court action. Plaintiff's challenge to the state court's declaring her a vexatious litigant was properly brought more than eleven years ago through her advocacy in and appeal of *Sconiers v. Fresno Unified School Dist.* (Fresno County Superior Court, No. 6433106). When Plaintiff did not prevail in her state appeals, her recourse was to United States Supreme Court, not to the district court.

Plaintiff's behavior in this and her prior federal cases falls squarely within the provisions of California's vexatious litigant statute, both as to re-litigation of decided claims and as to frivolous and delaying tactics in the course of litigation. *See California Code of Civil Proc.* §391(b)(2) and (3). Judge Harris's observations in *Fresno Unified School District* apply equally well in this opinion:

///

The purpose of the statutory scheme is to deal with the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decided or were concerned in the decision of previous actions adversely to him or her. (*First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867-868, 261 Cal.Rptr. 116.)

The "constant suer for himself" or herself becomes a serious problem to people other than the defendant he or she dogs.  By clogging court calendars, he or she causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts.  (*Taliaferro v. Hoogs* (1965) 237 Cal.App.2d 73, 74, 46 Cal.Rptr. 643.)  A litigant who loses, then burdens the courts with new actions and repeated appeals based on the same controversy and with no reasonable possibility of prevailing, wastes valuable court time.  It is axiomatic in our system of justice that every person is entitled to his or her day in court.  However, a litigant is not entitled to two days in court. (*First Western Development Corp. v. Superior Court, supra*, 212 Cal.App.3d at p. 870, 261 Cal.Rptr. 116.)

2002 WL 31723098 at *6.

As was already settled long before the Superior Court declared Plaintiff a vexatious litigant, California's vexatious litigant statutes are constitutional.  *See Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007); *Pine Assoc., Inc. v. Chase Mortgage Holdings, Inc.*, 234 Fed.Appx. 697 (9th Cir. 2007); *In re R.H.*, 170 Cal.App. 4th 678, 667-68 (2009); *In re Whitaker*, 6 Cal.App.4th 54, 56 (1992).  The complaint pleads no legal rationale for setting aside this long-standing precedent.

### 3.    Absence of Factual Contentions

The most telling indication of the frivolity and maliciousness of the complaint is the near-total absence of factual allegations.  As already detailed in the discussion of F.R.Civ.P. 8 above, the complaint is a 569-page diatribe in which Plaintiff expounds on the Defendants' failure to concede to her personal interpretation of law and fact.

### B.    Absence of Reasonable and Competent Inquiry

### 1.    Attorney Courtney Is Subject to Rule 11 Sanctions

When a party is represented by an attorney, Rule 11(a) requires the attorney to sign the pleadings.  Rule 11(b) provides that the attorney who signs, files, submits, or advocates the pleading certifies that he or she made the regulatory certifications after reasonable inquiry.

The reasonable inquiry test requires a court to determine whether an attorney, after conducting an objectively reasonable inquiry into applicable facts and law, would have concluded that the allegations of the complaint were well-founded.  *Holgate*, 425 F.3d at 677.  If the attorney

1  could have identified the elements of the asserted claims through a "cursory legal inquiry," but the

2  complaint did not allege those elements, the attorney could not have conducted a reasonable

3  inquiry.  *Id.  See also King v. Idaho Funeral Service Ass'n*, 862 F.2d 744, 747-48 (9th Cir. 1988)

4  (holding that District Court did not abuse its discretion in imposing sanctions against an attorney

5  who produced no evidence that he conducted an inquiry of any type before filing the complaint).

6  Sanctions are also appropriate when the attorney should have reviewed documentary evidence that

7  revealed inaccuracies in the complaint's factual assertions or that would have provoked suspicions

8  sufficient to merit further research.  *Wold v. Minerals Engineering Co.*, 575 F.Supp. 166, 167

9  (D.C. Colo. 1983).

10       A filing that is "both baseless and made without a reasonable and competent inquiry" is

11  frivolous.  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).  For

12  example, a filing is frivolous when reasonable inquiry would have revealed that a case was barred

13  by principles of *res judicata* and collateral estoppel.  *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th

14  Cir.), *cert. denied*, 522 U.S. 981 (1997), *abrogated on other grounds by Fossen v. Blue Cross and*

15  *Blue Shield of Montana, Inc.*, ___ F.3d ___, 2011 WL 4926006 (9th Cir., October 18, 2011) (No.

16  10-36001).  "[F]iling a complaint that includes factual or legal contentions that are barred by a

17  prior judgment violates Rule 11."  *Ivanova v. Columbia Pictures Industries, Inc.*, 217 F.R.D. 501,

18  512 (C.D.Cal. 2003), *aff'd*, 116 Fed.Appx. 100 (2004), *cert. denied*, 545 U.S. 1159 (2005).  Had

19  Courtney even superficially reviewed Plaintiff's prior litigation in this Court, it would have been

20  clear to him that Plaintiff had previously advanced the same claims, which had been dismissed for

21  lack of federal jurisdiction or dismissed with prejudice.

22       An attorney is entitled to reasonably rely on information provided by a client who has first-

23  hand knowledge.  *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986), *cert. denied*, 480 U.S.

24  918 (1987).  Nonetheless, an attorney is not entitled to blindly accept his or her client's

25  representations, particularly when their content suggests a need for corroboration.  *Hendrix v.*

26  *Naphtal*, 971 F.2d 398, 400 (9th Cir. 1992).  This is especially true when a baseless claim could

27  have been avoided by the attorney's simply reviewing courthouse records of the Plaintiff's prior

28  litigation.  *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986),

-18-

*abrogated on other grounds*, *Childs v. State Farm Mut. Auto. Ins. Co.,* 29 F.3d 1018, 1024 n. 18 (5th Cir. 1994). An attorney's inquiry is particularly incompetent if he accepts the client's legal conclusions without independent investigation. *Id. See also Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989) (requiring the attorney to conduct a reasonable and independent inquiry before filing the complaint).

Courtney's attempt to withdraw as counsel the day before the hearing on the order to show cause indicates his consciousness of his violation of Rule 11. Significantly, Courtney has represented Plaintiff on and off at least since December 9, 2002, when he stepped into her lawsuit against her former paramour for payment of his share of chiropractic treatments allegedly provided to their daughter, Tiyeondrea McGlothin. *Sconiers v. McGlothin*, 2006 WL 2130118 at *8 (Cal.App., 5th Dist. August 1, 2006) (No.F047446). In his declaration filed in support of Plaintiff in *McGlothin, et al. v. Santos, et al.* (1:08-cv-01290-LJO-GSA), Courtney complained that the Fresno County Superior Court inaccurately assumed him to be Plaintiff's counsel. Nonetheless, in the probate case (*Est. of Rosie Lee Sconiers aka Rosie Sconiers aka Rosie Lee Hamlett aka Rosie Lee Davis aka Rosie Lee Lewis*, Fresno County Superior Court No. 07CEPRO0976), Courtney initially represented Plaintiff. *See Sconiers v. Smith*, 1:10-cv-01130-AWI-SMS, Doc. 5 at 100-01, 115. Thereafter, Plaintiff periodically attempted to substitute herself for Courtney and to appear at hearings on her own behalf. *See Sconiers v. Smith,* 1:10-cv-01130-AWI-SMS, Doc. 5 at 97-99, 112-14. Courtney also prepared the declaration questioned by the district judge in *McGlothin, et al. v. Santos, et al.* (1:08-cv-01290-LJO-GSA).

California courts recognize that vexatious litigants frequently are able to establish relationships with attorneys who allow themselves to be used as "puppets" of the vexatious litigants. *See, e.g., In re Natural Gas Anti-Trust Cases I, II, III & IV*, 137 Cal.App.4th at 394*; In re Shieh*, 17 Cal. App.4th 1154, 1167 (1993), *cert. denied*, 511 U.S. 1052 (1994); *Hiramanek v. Hiramanek*, 2011 WL 3208657 at *8 (Cal App., 6th Dist., July 27, 2011) (No. H035695). Courtney has maintained such a relationship with Plaintiff.

Courtney's last minute attempt to withdraw as counsel does not shield him from Rule 11 sanctions. *Holgate*, 425 F.3d at 677; *Bader v. Itel Corp.*, 791 F.2d 672, 675 (9th Cir. 1986), *cert.*

1  *denied*, 479 U.S. 1033 (1987).  Under the plain terms of the rule, the Court may appropriately

2  impose sanctions on Courtney for violation of his certification if the allegations of the pleading

3  lacked factual or legal support  or were filed for an improper purpose, and if he did not make an

4  inquiry reasonable under the circumstances.  Any such sanction "must be limited to what suffices

5  to deter repetition of the conduct or comparable conduct by others similarly situated" and may

6  include payment of a penalty into Court.  F.R.Civ.P. 11 (c)(4).

7      Had Plaintiff merely retained Courtney to prosecute this lawsuit, Courtney could easily

8  have determined its malicious and frivolous nature through simple investigation of federal and

9  state court records.  But Courtney has maintained a long-term relationship with Plaintiff, indicating

10  that he had to have been aware of Plaintiff's status as a vexatious litigant in California state court

11  and the nature of her repeated vexatious litigation in federal court.  As such, Courtney's conduct

12  degraded and impugned the integrity of this Court and interfered with its administration of justice.

13  Local R. 180(e).

14      This Court recommends imposition of sanctions against Courtney in the form of a $5000.00

15  penalty to be paid to the Clerk of Court for deposit into the Court's Nonappropriated Fund.  The

16  Court also recommends that Courtney be formally censured for conduct that degraded and

17  impugned the integrity of this Court and interfered with its administration of justice.

18      **2.    Plaintiff Is Also Subject to Rule 11 Sanctions**

19      Under Rule 11(c)(1), "the court may impose an appropriate sanction on any attorney, law

20  firm or party that violated the rule or is responsible for the violation."  This means that a court may

21  impose Rule 11 sanctions on an attorney who signs the pleadings, the party that he or she

22  represents, or both.  *Oliveri*, 803 F.2d at 1274.  Rule 11 applies to those individuals who signed the

23  pleadings.  *Id.*  In this instance, in addition to Courtney's signature, Plaintiff signed the pleadings

24  and verified the truth of the facts alleged in them.

25      Like attorneys, represented parties are subject to the reasonable inquiry standard.  *Business*

26  *Guides, Inc. v. Chromatic Comm. Enterprises, Inc.*, 498 U.S. 533, 549 (1991).  In the case of

27  represented individuals, the Court's inquiry must be flexible, considering what inquiry is

28  reasonable for the client him- or herself to have made.  *Id.* at 551.  Plaintiff is clearly capable of

1  understanding basic legal concepts such as "lack of jurisdiction" and "dismissed without

2  prejudice."  Plaintiff has repeatedly and knowingly filed frivolous lawsuits invented to harass

3  anyone who has failed to concede to her demands.  Accordingly, Plaintiff, too, is subject to

4  sanctions.  Under Rule 11, sanctions against a party may not include financial sanctions.

5  F.R.Civ.P. 11(c)(5).

6        Although this Court has recommended dismissal of the case for failure to comply with Rule

7  8, dismissal, usually considered a harsh sanction, does not function as a sanction against Plaintiff

8  in this case.  The numerous previous dismissals of Plaintiff's frivolous and malicious complaints

9  have not been sufficient to deter repetition of her conduct.  Accordingly, this Court recommends

10  that the District Court declare Plaintiff to be a vexatious litigant and impose the requirement that

11  any complaint submitted to this Court by or on behalf of Plaintiff be "lodged" with the Court,

12  subject to pre-filing review by such judge as may be designated for that purpose by the presiding

13  district judge.  The complaint should be accepted for filing only if it is neither frivolous nor

14  malicious, and if it states claims cognizable in federal district court.

15        "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to

16  preempt the use of judicial time that properly could be used to consider the meritorious claims of

17  other litigants."  *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.), *cert. denied*, 498 U.S. 1001

18  (1990).  The All Writs Act (28 U.S.C. § 1651) grants federal courts the power to issue an

19  injunction against vexatious litigants and repetitive litigation.  *Id.* at 1147.  *See also Moy v. United*

20  *States*, 906 F.2d 467, 469 (9th Cir. 1990) ( "It is clear that the district court has authority to issue

21  pre-filing injunctions pursuant to 28 U.S.C. § 1651");  *Wood v. Santa Barbara Chamber of*

22  *Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983), *cert. denied*, 465 U.S. 1081 (1984) ("district

23  courts have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an

24  injunction against repetitive litigation");  *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.

25  1982), *cert. denied*, 459 U.S. 1206 (1983).

26        Under California law, a vexatious litigant is one a person who does any of the following:

27            (1) In the immediately preceding seven-year period has commenced,
    prosecuted, or maintained in propria persona at least five litigations other than in a

28    small claims court that have been (i) finally determined adversely to the person or

-21-

(ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

       (2) After litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (II) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

       (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

       (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based on the same or substantially similar facts, transaction, or occurrence.

California Code of Civil Procedure § 391(b).

Federal law applies a narrower focus, considering the number of frivolous or malicious suits rather than on suits that were simply decided against the plaintiff. *DeLong*, 912 F.2d at 1147-48. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy*, 906 F.2d at 470. "Before declaring a litigant "vexatious" and issuing a pre-filing order, the Court must (1) provide the litigant with adequate notice and an opportunity to oppose entry of the order; (2) create an adequate record for review; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) narrowly tailor the order to closely fit the specific vice encountered. *Hendon v. Baroya*, 2011 WL 2680033 (E.D.Cal. July 8, 2011) (No, 1:05-cv-01247-AWI-GSA-PC).

Prefiling orders infringe on the fundamental right to access the courts. They are properly reserved for extreme situations where there is absolutely no possibility that the allegations could support judicial relief *and* filing the suit is a burden on both the court and the opposing party–a costly exercise in futility. Under those circumstances, less draconian sanctions will not suffice.

*Milski v. Evergreen Dynasty Corp.*, 521 F.3d 1215, 1216 (9th Cir.) (Berzon, C.J., *dissenting*), *cert. denied*, 129 S.Ct. 594 (2008).

No less severe sanction is likely to remedy Plaintiff's continued abuse of the judicial system. Eleven years after being declared a vexatious litigant in state court, Plaintiff has merely moved the focus of her activities down the street to the federal courthouse. Whether an ordinary citizen, a government official, or a state or federal judge, anyone unfortunate enough to have

thwarted Plaintiff's "rights," as she personally defines them, has been subjected to never-ending lawsuits on the same topic.

The pre-filing order against Plaintiff must also include review of those complaints in which Plaintiff purports to be represented by an attorney.  As California courts have recognized, vexatious litigants frequently are able to establish relationships with attorneys who facilitate the vexatious litigants' circumvention of prefiling orders.  In such cases, the pre-filing order is amended to prohibit new litigation filed either *in propria persona* or through counsel absent a prefiling order.  *See, e.g., In re Natural Gas Anti-Trust Cases I, II, III & IV*, 137 Cal.App.4th at 394*; In re Shieh*, 17 Cal. App.4th at 1167; *Hiramanek*, 2011 WL 3208657 at *8.  Plaintiff's having demonstrated her ability to secure the compliant services of an attorney willing to facilitate her continued litigation, Plaintiff's future complaints must be reviewed before filing, whether Plaintiff submits them *in propria persona* or through an attorney.

Finally, by paying the filing fee with the intent to circumvent the screening of her complaints, Plaintiff has demonstrated that she has the ability to pay the fee when payment suits her own purposes.  Accordingly, the Court recommends that Plaintiff be required to pay the filing fee for her complaints at the time she lodges them with the Clerk of Court for pre-filing review.[6]

## IV.   **Conclusion and Recommendations**

Plaintiff's complaint complies with neither Rule 8 nor Rule 11.  Its repetitive claims are frivolous and malicious, intended to harass the defendants.  After multiple attempts to circumvent the Court's orders that they comply with Rules 8 and 11, neither Plaintiff nor Attorney Courtney appeared at the hearing on the Order to Show Cause Why the Complaint Should Not Be Dismissed and Sanctions Imposed.  Accordingly, the undersigned recommends that:

1.   The complaint in this matter be dismissed with prejudice.

///

---

[6]  In the event that Plaintiff can demonstrate a material change of financial circumstances at some future date, she would be entitled to petition the Court for reconsideration of the requirement that she pay the filing fee. Because Plaintiff has demonstrated her ability to pay and a propensity to manipulate 28 U.S.C. § 1915 to her own advantage, however, any future decision to permit Plaintiff to again proceed *in forma pauperis* should require an evidentiary showing of her inability to pay rather than relying solely on  Plaintiff's subjective assertion of her financial abilities.

2. Plaintiff's attorney, Ralston Courtney, be sanctioned for his failure to conduct a reasonable and competent inquiry regarding (a) Plaintiff's motives for proceeding with the complaint; (b) the legal sufficiency of the asserted claims; and (c) the factual sufficiency of the asserted claims. The sanctions should consist of Courtney's being ordered to pay a $5000.00 penalty into the Court's Nonappropriated Fund.

3. The Court shall formally reprimand Courtney for his conduct in this matter, which degraded and impugned the integrity of this Court and interfered with its administration of justice.

4. Plaintiff Janetta Sconiers be sanctioned for her failure to conduct a reasonable and competent inquiry regarding the legal and factual sufficiency of her claims, and for her determination to file repetitive claims intended to harass the individuals named as defendants. The Court should sanction Plaintiff by entering an order that:

   a. Declares Plaintiff to be a vexatious litigant.

   b. Requires Plaintiff to pay the filing fee in all future actions initiated *in propria persona* or by legal counsel on her behalf.

   c. And provides that, upon presentation by Plaintiff or her attorney of a complaint in any action initiated after the date of the Court's order, the Clerk of Court shall lodge the complaint pending its review by the Chief District Judge or such judge as he or she may designate to ensure that the complaint is neither frivolous nor malicious and that it states claims cognizable in this Court. No complaint shall be filed prior to such screening and approval.

   These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff and Courtney may file written objections with the Court. The objections may not exceed thirty-five (35) pages in length. An such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff and Courtney are advised that, by failing to file objections within the specified time, she or he may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 23, 2011**          _____/s/ Sandra M. Snyder_____
                                        UNITED STATES MAGISTRATE JUDGE