# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDICIAL COUNCIL OF CALIFORNIA,<br>et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00113-LJO-SMS<br>APPEAL NO.<br><br>ORDER RECOMMENDING DENIAL OF<br>PLAINTIFF'S REQUEST TO FILE<br>APPEAL *IN FORMA PAUPERIS*<br><br>(Doc. 85) |

Plaintiff again requests waiver of the filing fee for her fourth appeal in the above-captioned case. The Court recommends denial of Plaintiff's motion to file *in forma pauperis* in light of her failure to provide the financial information required by the Federal Rules of Appellate Procedure and of her previously demonstrated ability to pay the filing fee.

**I.    Procedural Background**

On November 23, 2011, following a nearly year-long struggle to require Plaintiff to comply with the provisions of F.R.Civ.P. 8 and 11, the Magistrate Judge filed Findings and Recommendations recommending that the complaint in this matter be dismissed for Plaintiff's failure to follow court rules, that Plaintiff be declared a vexatious litigant, and that Plaintiff's

attorney, Ralston L. Courtney, be reprimanded and sanctioned for his failure to comply with F.R.Civ.P. 11(b).  The Magistrate Judge emphasized Plaintiff's habit of repeatedly litigating the same frivolous and malicious claims in order to vex those individuals who thwarted her personal desires, and her growing disrespect of the judicial process and of judges and other court personnel.  The District Court entered an order adopting the Findings and Recommendations on December 13, 2011.  On January 10, 2012, Plaintiff appealed the order to the U.S. Court of Appeals for the Ninth Circuit.

On January 19, 2012,  Plaintiff filed six motions for relief from judgment pursuant to F.R.Civ.P. 60(b) in the six long-closed cases[1] that she had attempted to re-litigate in this case.  On or about January 23, 2012, the District Court struck all six motions as malicious and frivolous.

On January 20, 2012, this Court amended its December 13, 2011 order *nunc pro tunc* to require pre-filing screening of motions and other documents lodged by Plaintiff in addition to the pre-filing of complaints.  On January 23, 2012, Plaintiff filed a 299-page appeal of the amended order.

## II.  Ralston L. Courtney

Plaintiff again purports to bring this appeal *in propria persona* on behalf of both herself and her former attorney Ralston L. Courtney.  Because Plaintiff is not an attorney, she may not represent Mr. Courtney in this appeal.

---

[1] The cases are *Sconiers v. California Department of Social Services,* 1:06-cv-1260-AWI-LJO; *Sconiers v. Whitmore*, 1:08-cv-1288-LJO-SMS; *Sconiers v. Swarzenegger*, 1:08-cv-1289-OWW-DLB; *McGlothin v. Santos*, 1:08-cv-1290-LJO-GSA; *Sconiers v. Whitmore*, 1:09-cv-2168-OWW-SKO; and *Sconiers v. Smith* 1:10-cv-1130-AWI-SMS.

### III. Recommendation to Require Plaintiff's Payment of Filing Fee

Plaintiff's motion to appeal *in forma pauperis* did not include an affidavit in the form set forth as Form 4 in the Appendix of Forms to the Federal Rules of Appellate Procedure. The motion submitted cannot be considered tantamount to Form 4 since it fails to provide the financial information required by Form 4.

Permitting litigants to proceed *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.), *cert. denied*, 393 U.S. 891 (1968); *Williams v. Marshall*, 795 F.Supp. 978, 978-79 (N.D. Cal. 1992). Plaintiff has demonstrated to this Court that she has the means to pay the fee when payment suits her own purposes. Beginning with her filing of *Sconiers v. Whitmore, et al.* (1:09-cv-02168-OWW-SKO), Plaintiff has paid the filing fee for her District Court cases, arguing that the Court could not then screen her *pro se* complaints, as provided by the general orders of this district, since she was not proceeding *in forma pauperis*.

Accordingly, the Court recommends that, having demonstrated the financial ability to pay the filing fee, Plaintiff be required to pay the filing fee.

IT IS SO ORDERED.

**Dated:   January 24, 2012**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE