# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>        Plaintiff,<br><br>  v.<br><br>FRESNO COUNTY SUPERIOR COURT, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-00113-LJO-SMS<br><br>ORDER STRIKING WRITTEN OBJECTIONS OF RALSTON L. COURTNEY AND ORDERING COURTNEY TO APPEAR TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT<br><br>Date: April 11, 2012<br>Time: 10:00 a.m.<br>Courtroom 1 |

On March 1, 2012, this Court ordered Attorney Ralston L. Courtney to show cause why he should not be held in contempt for failure to pay the sanctions imposed against him by the Court's order dated December 13, 2011(Doc. 71). On March 15, 2012, an objection to the order to show cause was filed with this Court, ostensibly by Attorney Courtney.

The objection consists of a brief and clearly written declaration, ostensibly signed under oath by Attorney Courtney, outlining Courtney's recent health reversals. Although Courtney's signature is typed on this declaration rather than depicting his actual signature, the quality of the declaration is such that the Court is able to accept that Courtney has actually signed the declaration, having actually prepared or reviewed it.

The Court has no similar confidence that Courtney prepared or reviewed the forty-page, single-spaced document entitled "Opposition" and appended to the Declaration. The opposition fails to include a caption. It rambles, misrepresents applicable facts, and misstates applicable

///

1  law.  The language, grammar and usage, and the legal reasoning  presented in the opposition are
2  not of a quality to be expected from an attorney but are substantially similar to documents
3  previously prepared and filed by Plaintiff Janetta Sconiers.
4       In the Findings and Recommendations submitted to the District Court on November 23,
5  2011 (Doc. 68), and adopted by Document 71, the Magistrate Judge observed:

> California courts recognize that vexatious litigants frequently are able to establish relationships with attorneys who allow themselves to be used as "puppets" of the vexatious litigants.  *See, e.g., In re Natural Gas Anti-Trust Cases I, II, III & IV*, 137 Cal. App.4th at 394; *In re Shieh*, 17 Cal.App.4th 1154, 1167 (1993), *cert. denied*, 511 U.S. 1052 (1994); *Hiramanek v. Hiramanek*, 2011 WL 3208657 at *8 (Cal. App. 6th Dist., July 27, 2011) (No. H035695).  Courtney has maintained such a relationship with Plaintiff.

10      In conjunction with Courtney's "representation" of Plaintiff Sconiers, he appeared to have
11  given Sconiers unsupervised access to his log-in and password to the Court's electronic filing
12  system.  A duplicate of the objections has been electronically filed in duplicate, apparently
13  because the filer did not understand that the "courtesy copy" of documents exceeding twenty-five
14  pages which the Court requires be provided for the case's assigned judges is intended to be
15  submitted on paper.  Local R. 101.  Plaintiff Sconiers typically electronically files the courtesy
16  copy rather than providing the requisite paper copy for chambers (*see* Doc. 68 at 4, n. 1).
17  Courtney's irresponsibly permitting Sconiers to file frivolous and malicious documents in
18  violation of F.R.Civ.P. 8 and 11 was the basis for the sanctions which he has failed to pay.
19      Courtney declines to appear at the scheduled hearing on the order to show cause,
20  declaring that he is presently experiencing health problems that preclude his practicing law.
21  Because Courtney incurred the unpaid sanctions prior to his current illness, however, his illness
22  does not excuse his failure to pay the sanctions that were due January 14, 2012.  Further, in the
23  course of this case, Courtney has repeatedly flouted the authority of this Court and failed to
24  appear at no less than three scheduled order to show cause hearings in the case that gave rise to
25  the sanctions against him.
26      Courtney is hereby ordered to personally appear in Courtroom 1 of the Robert E. Coyle
27  United States Courthouse, 2500 Tulare Street, Fresno, California, at 10:00 a.m. on April 11,
28  2012, to show cause why he should not be held in contempt of this Court for failure to pay the

1  sanctions against him.  To ensure that Courtney has notice of the proceedings, the Court directs
2  the Clerk of Court to mail a copy of this order to Ralston L. Courtney, Attorney at Law, 28983
3  Limestone Way, Coarsegold, California 93619-9627.
4
5  IT IS SO ORDERED.
6  **Dated:    March 21, 2012**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE