1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. 1:11-cv-00113-LJO-SMS |
| | APPEAL NO. 12-15724 |
| Plaintiff, | |
| | ORDER RECOMMENDING DENIAL OF |
| v. | PLAINTIFF'S REQUEST TO FILE |
| | APPEAL *IN FORMA PAUPERIS* |
| JUDICIAL COUNCIL OF CALIFORNIA, | |
| et al., | |
| | |
| Defendants. | (Doc. 94) |
| _____/ | |

        In response to this Court's issuance of an order to attorney Ralston L. Courtney to show

cause why he should not be held in contempt for his failure to pay sanctions ordered by this

Court, Plaintiff Janetta Sconiers, proceeding *pro se*, appeals to the United States Court of

Appeals for the Ninth Circuit.  Plaintiff, who paid the filing fee in District Court, requests waiver

of the filing fee for the appeal.  Because Plaintiff lacks standing to pursue an appeal on behalf of

her former attorney, this Court recommends that Plaintiff's request for waiver of the filing fee be

denied.

///

1

## I.   **Procedural Background**

As part of a judgment entered December 14, 2011, this Court sanctioned Plaintiff's attorney, Ralston L. Courtney, pursuant to F.R.Civ.P. 11, for failing to conduct a reasonable and competent inquiry regarding (a) Plaintiff's motives for proceeding with the complaint; (b) the legal sufficiency of the asserted claims; and (c) the factual sufficiency of the asserted claims. Doc. 71.  The Court ordered Courtney to pay a penalty of $5000.00 to the Court's Nonappropriated Fund no later than January 14, 2012.  Doc. 71.  The Court reprimanded Courtney for his conduct, which degraded and impugned the integrity of the Court and interfered with its administration of justice.  Doc. 71.

Plaintiff, proceeding *pro se*, filed a notice of appeal on January 10, 2012.  The appeal documents listed Ralston Courtney as Plaintiff's "former attorney."  In its recommendation that the Court of Appeals deny Plaintiff permission to file her January appeal *in forma pauperis*, this Court noted:

> Plaintiff purports to bring this appeal *in propria persona* on behalf of both herself and her former attorney Ralston L. Courtney.  Because Plaintiff is not an attorney, she may not represent Mr. Courtney in this appeal.

Doc. 76.

Courtney does not represent Plaintiff in her pending appeals.  Courtney neither moved for reconsideration nor appealed that portion of the December 14, 2011 judgment reprimanding him and imposing sanctions. Courtney has not paid the $5000.00 penalty.

On March 1, 2012, the Magistrate Judge issued an order to show cause why Courtney should not be held in contempt for his failure to pay the sanctions that were due January 15, 2012.  On March 15, 2012, Courtney responded to the order to show cause, claiming that, as a

2

result of recent serious illness, he was not then practicing law.  Doc. 91.  On March 21, 2012, the

Magistrate Judge declined to excuse Mr. Courtney from the scheduled hearing and questioned

whether Courtney had actually prepared or reviewed the objections, which appeared more

consistent with Plaintiff Sconier's prior submissions than with the work of an attorney. Noting

that the sanctions against Courtney arose from conduct prior to his current illness and that

Courtney had repeatedly flouted the authority of this Court and had failed to appear at three

scheduled order to show cause hearings in the action that gave rise to the sanctions against him,

the Magistrate Judge again ordered Courtney to appear at the scheduled hearing to show cause

why he should not be held in contempt.  To ensure that Courtney himself was aware of the

pending proceedings, the Magistrate Judge directed the Clerk of Court to mail a copy of the order

directly to Courtney.  On March 23, 2012, Plaintiff Janetta Sconiers appealed the order.

## II.    Plaintiff Lacks Standing to Appeal Sanctions Against Courtney

Except for certain cases in which the appellant has previously been permitted to proceed

*in forma pauperis*, a party to a district-court action seeking to proceed *in forma pauperis* in an

appeal must file a motion in District Court, appending an affidavit that (a) shows the party's

inability to pay or to give security for fees and costs in the detail prescribed by Form 4 in the

appendix of  the Appellate Rules of Civil Procedure; (b) claims entitlement to redress; and (c)

states the issues that the party intends to present on appeal.  F.R.App.P. 24(a)(1).  Because

Plaintiff lacks standing to appeal the sanctions against Courtney, she cannot establish entitlement

to redress.  *See, e.g., Tracy v. United States Department of Treasury*, 301 Fed.Appx. 675, 675 (9th

Cir. 2008).  This means that she is not entitled to proceed *in forma pauperis* in this appeal.

///

3

An attorney is the proper party to appeal a sanctions order against himself.  *Estate of Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1275 9th Cir. 1990).  *Accord Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998).  *See also Okoro v. City of Oakland, California*, 233 Fed.Appx. 639, 641-42 (9th Cir. 2007); *Berg v. Popham*, 412 F.3d 1122, 1130 (9th Cir. 2005).  A party may only appeal to protect its own interests, especially when the other party is free to appeal on its own behalf.  *Estate of Bishop*, 905 F.2d at 1276.  "An indirect financial stake in another party's claims is insufficient to create standing on appeal."  *Id.*, *quoting Morrison-Knudsen Co., Inc/ v. CHG Int'l, Inc.*, 811 F.2d 1209, 1214 (9th Cir. 1987), *cert. dismissed*, 488 U.S. 935 (1988).  A party has no pecuniary or other sufficient interest in sanctions imposed against his attorney to confer standing to appeal.  *Marshak v. Tonetti*, 813 F.2d 13, 21 (1st Cir. 1987).  *Accord Estate of Bishop*, 905 F.2d at 1276.  *See also Flanagan v. Benicia Unified School District*, 404 Fed.Appx. 187, 187 (9th Cir. 2010).

**III.**   **Plaintiff's Remaining Claims Are Unrelated to Order Appealed**

Plaintiff's remaining claims are both unrelated to the Order to Show Cause that is the stated subject of this appeal and duplicative of her claims in pending Appeal No. 12-15176.  As such, the remaining claims are frivolous.  Granting an appellant permission to proceed *in forma pauperis* is inappropriate when the claims are frivolous or taken in bad faith.  *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where the District Court finds the appeal to be frivolous).

Permitting litigants to proceed *in forma pauperis* is a privilege, not a right.  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.), *cert.*

*denied*, 393 U.S. 891 (1968); *Williams v. Marshall*, 795 F.Supp. 978, 978-79 (N.D. Cal. 1992).

A federal court may dismiss a claim filed *in forma pauperis* prior to service if it is satisfied that

the action is frivolous or malicious.  28 U.S.C. § 1915(d)*; see Sully v. Lungren*, 842 F.Supp.

1230, 1231 (N.D. Cal. 1994).

**IV.**    **Conclusion and Recommendation**

In accordance with the foregoing analysis, the District Court hereby RECOMMENDS

that  Plaintiff's motion to proceed with Appeal No. 12-724 *in forma pauperis* be denied.


IT IS SO ORDERED.

**Dated:    April 10, 2012**              _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES DISTRICT JUDGE

5