# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. 1:11-cv-00113-LJO-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING RALSTON L. COURTNEY IN CONTEMPT OF COURT AND RECOMMENDING IMPOSITION OF CIVIL SANCTIONS |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

In the Court's order dated December 13, 2011, Attorney Ralston L. Courtney was sanctioned pursuant to F.R.Civ.P. 11 for failing to conduct a reasonable and competent inquiry regarding (a) Plaintiff's motives for proceeding with the complaint; (2) the legal sufficiency of the asserted claims; and (c) the factual sufficiency of the asserted claims. The Court reprimanded Courtney for his conduct, which degraded and impugned the integrity of the Court and interfered with its administration of justice. Courtney was also ordered to pay, no later than January 14, 2012, the sum of $5000.00 to the Court's Nonappropriated Fund. Courtney failed to pay.

On March 1, 2012, this Court ordered Courtney to appear on April 11, 2012, at 10:00 a.m., to show cause why he should not be held in contempt for failure to pay the sanctions. On March 15, 2012, Courtney filed objections to the order to show cause. On March 21, 2012, the Magistrate Judge struck Courtney's objections and again ordered Courtney to appear on April 11, 2012, at 10:00 a.m., to show cause why he should not be held in contempt.

///

On April 11, 2012, Courtney failed to appear at the hearing. No one appeared on his behalf. Having waited until 10:17 a.m., the Magistrate Judge declared Courtney to be in direct contempt of Court. The Magistrate Judge now recommends that the District Court impose civil contempt sanctions on Courtney.

Civil contempt sanctions, which are penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994). Sanctions may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard, without the need of a jury trial or proof beyond reasonable doubt. *Id.* When a court imposes a fine or other punishment on a contemnor it is both vindicating its legal authority to enter the initial court order and seeking to modify the contemnor's behavior to conform to the terms of the prior order. *Hicks v. Feiock*, 485 U.S. 624, 635 (1988).

To impose the "paradigmatic civil contempt sanction," a court must order the contemnor confined indefinitely until he complies with an affirmative court order. *Bagwell*, 512 U.S. at 828. As a result, the contemnor "carries the keys of his prison in his own pocket," since he possesses the ability to purge his contempt and secured his own release by simple compliance with the prior affirmative order. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911), *quoting In re Nevitt*, 117 F. 448, 451 (8th Cir. 1902).

The undersigned finds that imposing an additional financial penalty on Courtney would be ineffectual. The substantial financial sanction that this Court previously imposed on Courtney remains unpaid, and Courtney continues to flout the Court's authority. As evidenced by his objection to the order to show cause, Courtney fails to acknowledge his role in this frivolous and malicious action, and contends that he need not pay the $5000.00 sanctions nor appear at a hearing to show cause why he should not be required to comply with this Court's order. That Courtney became ill after repeatedly flouting the Court's authority in this action did not magically obviate the behavior that "degraded and impugned the integrity of the Court and interfered with its administration of justice. Accordingly, the undersigned recommends that the

///

1 District Court order Courtney be arrested and detained until he pays the full $5000.00 amount
2 due to the Court's Nonappropriated Fund.

4 IT IS SO ORDERED.

5 **Dated:     April 11, 2012**               /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE