# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. 1:11-cv-00113-LJO-SMS |
| Plaintiff, | REVISED FINDINGS AND RECOMMENDATIONS FINDING RALSTON L. COURTNEY IN CONTEMPT OF COURT AND RECOMMENDING IMPOSITION OF CIVIL SANCTIONS |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

      In the Court's order dated December 13, 2011, Attorney Ralston L. Courtney was sanctioned pursuant to F.R.Civ.P. 11 for failing to conduct a reasonable and competent inquiry regarding (a) Plaintiff's motives for proceeding with the complaint; (2) the legal sufficiency of the asserted claims; and (c) the factual sufficiency of the asserted claims. The Court reprimanded Courtney for his conduct, which degraded and impugned the integrity of the Court and interfered with its administration of justice. Courtney was also ordered to pay, no later than January 14, 2012, the sum of $5000.00 to the Court's Nonappropriated Fund. Courtney failed to pay.

      On March 1, 2012, this Court ordered Courtney to appear on April 11, 2012, at 10:00 a.m., to show cause why he should not be held in contempt for failure to pay the sanctions. On March 15, 2012, Courtney filed objections to the order to show cause. On March 21, 2012, the Magistrate Judge struck Courtney's objections and again ordered Courtney to appear on April 11, 2012, at 10:00 a.m., to show cause why he should not be held in contempt.

///

1   On April 11, 2012, Courtney failed to appear at the hearing. No one appeared on his
2  behalf. Having waited until 10:17 a.m., the Magistrate Judge declared Courtney to be in direct
3  contempt of Court. The Magistrate Judge now recommends that the District Court impose civil
4  contempt sanctions on Courtney.
5   Civil contempt sanctions, which are penalties designed to compel future compliance with
6  a court order, are considered to be coercive and avoidable through obedience. *International*
7  *Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994). Sanctions may
8  be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard, without
9  the need of a jury trial or proof beyond reasonable doubt. *Id.* When a court imposes a fine or
10 other punishment on a contemnor it is both vindicating its legal authority to enter the initial court
11 order and seeking to modify the contemnor's behavior to conform to the terms of the prior order.
12 *Hicks v. Feiock*, 485 U.S. 624, 635 (1988).
13   To impose the "paradigmatic civil contempt sanction," a court must order the contemnor
14 confined indefinitely until he complies with an affirmative court order. *Bagwell*, 512 U.S. at
15 828. As a result, the contemnor "carries the keys of his prison in his own pocket," since he
16 possesses the ability to purge his contempt and secured his own release by simple compliance
17 with the prior affirmative order. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442
18 (1911), *quoting In re Nevitt*, 117 F. 448, 451 (8th Cir. 1902).
19   The undersigned finds that imposing an additional financial penalty on Courtney would
20 be ineffectual. The substantial financial sanction that this Court previously imposed on Courtney
21 remains unpaid, and Courtney continues to flout the Court's authority. As evidenced by his
22 objection to the order to show cause, Courtney fails to acknowledge his role in this frivolous and
23 malicious action, and contends that he need not pay the $5000.00 sanctions nor appear at a
24 hearing to show cause why he should not be required to comply with this Court's order. That
25 Courtney became ill after repeatedly flouting the Court's authority in this action did not
26 magically obviate the behavior that "degraded and impugned the integrity of the Court and
27 interfered with its administration of justice. Accordingly, the undersigned recommends that the
28 ///

1 District Court order Courtney be arrested and detained until he pays the full $5000.00 amount
2 due to the Court's Nonappropriated Fund.
3       These Findings and Recommendations will be submitted to the Honorable Lawrence J.
4 O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28
5 U.S.C § 636(b)(1).  On or before April 19, 2012, Ralston L. Courtney may file written objections
6 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
7 and Recommendations."  Mr. Courtney are advised that, by failing to file objections within the
8 specified time, he may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951
9 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 **Dated:    April 11, 2012**                           /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE