IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. F CV 11-113-LJO-SMS |
| Plaintiff, | **ORDER TO STAY WARRANT FOR ONE WEEK TO ALLOW ATTORNEY TO RESPOND** |
| vs. | |
| FRESNO COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

An April 20, 2012 warrant issued for the arrest of attorney Ralston L. Courtney. Mr. Courtney was ordered to be held in civil contempt until he paid sanctions in the amount of $5,000.00 ordered by this Court. Mr. Courtney's arrest warrant, civil contempt, and sanctions were ordered, inter alia, for the following reasons:

On March 1, 2012, this Court ordered Mr. Courtney to show case why he should not be held in contempt for failure to pay the sanctions imposed against by by this Court's order dated December 13, 2011. On March 15, 2012, an objection to the order to show cause was filed with this Court, ostensibly by Mr. Courtney. This Court questioned whether the objections were filed by Mr. Courtney for a number of reasons, including its poor quality, rambling nature, misstatement of facts, and the history in this case.

Based on the consistent practice of the attorney in this action, this Court concluded that Mr.

Courtney's "representation" of plaintiff Janetta Sconiers ("Ms. Sconiers") consisted of Mr. Courtney's granting Ms. Sconiers' unsupervised access to Mr. Courtney's log-in and password to the Court's electronic filing system. This Court found that Mr. Courtney was irresponsible to allow Ms. Sconiers to file frivolous and malicious documents in violation of Fed. R. Civ. P. 8 and 11. The filing of these frivolous and malicious documents without supervision and bearing Mr. Courtney's name gave rise to the sanctions order against Mr. Courtney in the amount of $5,000. Mr. Courtney has failed to pay the sanctions order.

In addition, Mr. Courtney consistently failed to appear at multiple show cause hearings. Mr. Courtney declined to appear at the scheduled hearing at the civil contempt show cause hearing based on an illness. This Court found, however, that because Mr. Courtney incurred the unpaid sanctions prior to his current illness, the illness did not excuse his failure to pay the sanctions that were due on January 14, 2012. The Court further found that Mr. Courtney has "flouted the authority of this Court" by failing to appear at "no less than three scheduled order to show cause hearing in the case that gave rise to the sanctions against him."

Upon receipt of the notice of the arrest warrant, Mr. Courtney contacted chambers attempting to explain his health and financial situations. This Court cannot address Mr. Courtney informally. Accordingly, this Court ORDERS as follows:

1. The April 20, 2012 arrest warrant shall be STAYED for one week to allow Mr. Courtney either pay his sanctions or convince this Court why an alternative sanctions would be more appropriate to address the egregious behavior outlined in this and other orders against Mr. Courtney is this case. The arrest warrant shall not be executed until after April 30, 2012.

2. **No later than April 30, 2012**, Mr. Courtney must file a declaration with this Court that establishes good cause why this Court should reconsider its order of civil contempt against Mr. Courtney. That declaration shall address the following issues:

    (A) Mr. Courtney's failure to appear at multiple show cause hearings ordered before and after his representation of Ms. Sconiers ended; and

    (B) Mr. Courtney's irresponsible "representation" of Ms. Sconiers by allowing her

          unfettered access to his e-filing account, and by allowing her to file friviolous and vexatious pleadings.

3. Mr. Courtney must further address his ability to pay his $5,000 sanctions order. If Mr. Courtney has no ability to pay, that must be documented. If Mr. Courtney is requesting an alternative remedy to Mr. Courtney's grave affront to the Court in this action, then Mr. Courtney must be clear as to what that alternative remedy is, and how he intends to fulfill it.

4. If Mr. Courtney intends to discuss his health, those issues must be supported by an attached letter from his health care provider.

5. This Court shall deem as non-responsive and strike any declaration filed that is not succinct, that does not address the Court's points above, or addresses extraneous matters. **The declaration must be succinct**. No rambling, single-spaced, 50+ page, motion-style filings will be accepted by this Court.

6. Once this Court has read and reviewed Mr. Courtney's declaration, this Court shall determine whether to reconsider its order or to continue to pursue the currently-suspended arrest warrant to enforce the sanctions order against Mr. Courtney.

Dated: April 23, 2012                      /s/ Lawrence J. O'Neill
                                                  HONORABLE LAWRENCE J. O'NEILL
                                                  U.S. District Court Judge