IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>FRESNO COUNTY SUPERIOR COURT, et al.,<br><br>　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. F CV 11-113-LJO-SMS<br><br>**ORDER TO DISCHARGE WARRANT AND SANCTIONS ORDER** |

**Background**

An April 20, 2012 warrant issued for the arrest of attorney Ralston L. Courtney ("Mr. Courtney"). Mr. Courtney was ordered to be held in civil contempt until he paid sanctions in the amount of $5,000.00 ordered by this Court. Mr. Courtney's arrest warrant, civil contempt, and sanctions were ordered, inter alia, for the following reasons:

On March 1, 2012, this Court ordered Mr. Courtney to show case why he should not be held in contempt for failure to pay the sanctions imposed against by by this Court's order dated December 13, 2011. On March 15, 2012, an objection to the order to show cause was filed with this Court, ostensibly by Mr. Courtney. This Court questioned whether the objections were filed by Mr. Courtney for a number of reasons, including its poor quality, rambling nature, misstatement of facts, and the history in this case.

Based on the consistent practice of the attorney in this action, this Court concluded that Mr. Courtney's "representation" of plaintiff Janetta Sconiers ("Ms. Sconiers") consisted of Mr. Courtney's granting Ms. Sconiers' unsupervised access to Mr. Courtney's log-in and password to the Court's electronic filing system. This Court found that Mr. Courtney was irresponsible to allow Ms. Sconiers to file frivolous and malicious documents in violation of Fed. R. Civ. P. 8 and 11. The filing of these

frivolous and malicious documents without supervision and bearing Mr. Courtney's name gave rise to the sanctions order against Mr. Courtney in the amount of $5,000. Mr. Courtney has failed to pay the sanctions order.

In addition, Mr. Courtney consistently failed to appear at multiple show cause hearings. Mr. Courtney declined to appear at the scheduled hearing at the civil contempt show cause hearing based on an illness. This Court found, however, that because Mr. Courtney incurred the unpaid sanctions prior to his current illness, the illness did not excuse his failure to pay the sanctions that were due on January 14, 2012. The Court further found that Mr. Courtney has "flouted the authority of this Court" by failing to appear at "no less than three scheduled order to show cause hearing in the case that gave rise to the sanctions against him."

Upon receipt of the notice of the arrest warrant, Mr. Courtney contacted chambers attempting to explain his health and financial situations. This Court stayed the arrest warrant for one week to allow Mr. Courtney either pay his sanctions or convince this Court why an alternative sanctions would be more appropriate to address the egregious behavior outlined in this and other orders against Mr. Courtney is this case. Mr. Courtney was ordered to respond no later than April 30, 2012.

Discussion

Mr. Courtney filed an April 30, 2012 declaration to address this Court's questions. The Court identifies the issues and Mr. Courtney's response below.

**1.  Mr. Courtney's failure to appear at multiple show cause hearings ordered before and after his representation of Ms. Sconiers ended**.

Mr. Courtney provides notes from doctors asking him to be excused from appearing in court based on a medical condition. Mr. Courtney further explains that he never received notice of hearings via the United States Postal Service, though the Court notes that the Court sent electronic service to him. Statements made by Mr. Courtney raise the issue of whether Mr. Courtney has access to a computer or whether Mr. Courtney (rather than his client, Ms. Sconiers) was receiving those notices and controls the email account to which the Court notices were sent.   Mr. Courtney further explains that because he was substituted out of this action months ago, and because there was an appeal filed in December 2011, he thought that this Court no longer had jurisdiction over him or the case. He did not believe he was

required to appear at hearings in this matter.

**2.    Mr. Courtney's irresponsible "representation" of Ms. Sconiers by allowing her unfettered access to his e-filing account, and by allowing her to file frivolous and vexatious pleadings.**

Mr. Courtney explains that he was advised by the clerk of court that he had not been substituted out as the attorney of record and that because he continued to be the attorney of record, Ms. Sconiers could not file the documents she wished to file without the help of Mr. Courtney.  Mr . Courtney explains that "in retrospect, maybe my inability to concentrate is a more serious problem than what I am aware of."

**3.    Mr. Courtney's ability to pay his $5,000 sanctions order.**

Mr. Courtney advises that he is 81 years old.  His only source of income is Social Security and a nominal pension from Fresno United School District.  This income supports him, his wife, his adult children and a grandchild.

**4.    Mr. Courtney's health issues that purportedly prevented him from appearing at the show cause and sanctions hearings.**

Mr. Courtney explains that although he has been licensed to practice law for 51 years, his health condition and his age have caused him to have problems expressing himself and organizing his thoughts.  Mr. Courtney has a health condition and has provided documentation for such.

### Conclusion and Order

Based on the foregoing, this Court finds good cause to DISCHARGE the arrest warrant and sanctions order against Mr. Courtney.  Mr. Courtney is ADMONISHED that he should discontinue any further representation of Ms. Sconiers in this action, based on this Court's prior orders.  Further activity in this action may expose Mr. Courtney to future, renewed orders to show cause why sanctions should not be imposed.

**IT IS SO ORDERED.**

**Dated:   May 1, 2012**                          /s/ Lawrence J. O'Neill
                                                             **UNITED STATES DISTRICT JUDGE**